**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 23-cr-292-CKK** |
| | : | |
| **KEVON JACKSON** | : | |
| | : | |
| **Defendant** | : | |

---

## RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Mr. Kevon Jackson, by and through his attorneys, Nicholas G. Madiou, and Michael E. Lawlor, Brennan, McKenna & Lawlor, Chartered, hereby responds in opposition to the Government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b). In support of this response, counsel state the following:

### Introduction

The United States of America has charged Kevon Jackson along with several co-defendants by way of indictment with offenses stemming from a June 9, 2023 armed kidnapping and carjacking resulting death. (Second Superseding Indictment, ECF No. 103.)

Specifically, Mr. Jackson is charged with Kidnapping Resulting in Death and Aiding and Abetting in violation of 18 U.S.C. §§ 1201(a)(1) and 2 ("Count One");

1

Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2 ("Count Two" and "Count Three"); Carjacking Resulting in Death and Aiding and Abetting, in violation 18 U.S.C. §§ 2119(3) and 2 ("Count Four"); Carjacking and Aiding and Abetting, in violation of 18 U.S.C. §§ 2119(1) and 2 ("Count Five"); Discharge of a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 ("Count Six"); and Causing Death Through the Use of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1), and 2 ("Count Seven").[1]

The Government now seeks to offer at trial unspecified evidence of Mr. Jackson's prior juvenile adjudication of robbery and misdemeanor receipt of stolen property. In support of this request, the Government provides the following limited details of this prior juvenile adjudication:

> On May 15, 2018, defendant Kevon Jackson was adjudicated guilty of (1) Robbery and (2) Receiving Stolen Property (Misd.), in D.C. Superior Court, Cas[e] No. 2016 DEL 000593.

(ECF No. 166 at 12.)

That single sentence forms the entire purported factual basis for the Government's request to admit a dated juvenile adjudication at a federal felony trial at which Mr. Jackson faces the possibility of a mandatory sentence of life without the possibility of parole. The Government's proposed evidence is irrelevant to any

---

[1] Mr. Jackson is not charged in Counts Eight through Twelve.

material issue in dispute in this case. In light of the insufficient factual basis presented, the remoteness in time of the alleged juvenile conduct, and the lack of any cogent theory of relevance, it is evident that the Government seeks to admit the adjudication for the purpose of having the jury draw an impermissible inference that Mr. Jackson has a propensity to commit violent crimes.

For the reasons that follow, this Court should deny the Government's motion.

## Argument

Evidence of Mr. Jackson's prior 2018 juvenile adjudication for robbery and misdemeanor receipt of stolen property must be excluded under Federal Rules of Evidence 104, 401, 403, and 404(b). The Federal Rules of Evidence 404(b) addresses the admissibility of other crimes evidence. Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) sets forth the circumstances under which such evidence *may* be admitted: "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The United States Supreme Court has held that the Government is required, prior to submitting Rule 404(b) evidence to the jury, to demonstrate its probative value as part of its burden of proving the existence of essential facts upon which the relevance of the evidence hinges.

3

*Huddleston v. United States*, 485 U.S. 681 (1988).

This Court employs a two-step analysis for determining whether evidence of other crimes is admissible under 404(b). First, the evidence must be "probative of a material issue other than character." *See United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990) (quoting *Huddleston*, 489 U.S. 681). Indeed, the D.C. Circuit has held that "such evidence is *never admissible* unless it is *necessary* to establish a material fact such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *United States v. Shelton*, 628 F.2d 54, 56 (D.C. Cir. 1980) (internal quotations and footnotes omitted) (emphasis added). Second, the evidence must "not be inadmissible under any of the other general strictures limiting admissibility." *United States v. Washington*, 969 F.2d 1073, 1080 (D.C. Cir. 1992) (quotation and citation omitted). For example, evidence of other crimes is subject to the balancing test of Rule 403, which requires that "the probative value of the evidence not be substantially outweighed by its potential prejudice." *Miller*, 895 F.2d at 1435 (quotation omitted).

The evidence proffered by the Government is inadmissible. "[A] concomitant of the presumption of innocence is that a defendant must be tried for what he did, not for who he is." *United States v. Linares*, 367 F.3d 941, 945 (D.C. Cir. 2004) (ultimately quoting *United States v. Myers,* 550 F.2d 1036, 1044 (5th Cir.1977)) (additional citations omitted).

Under Rule 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In its motion, the Government provides absolutely no detail about the purported other crimes evidence, other than to say: "On May 15, 2018, defendant Kevon Jackson was adjudicated guilty of (1) Robbery and (2) Receiving Stolen Property (Misd.), in D.C. Superior Court, Cas[e] No. 2016 DEL 000593." (ECF No. 166 at 12.) The Government fails to provide any factual information about this prior juvenile adjudication. The Government fails to provide any details about whether the juvenile robbery involved a weapon, much less a firearm. The Government does not say when the proffered conduct occurred. The Government does not say where it occurred. The Government also fails to proffer how a juvenile adjudication to misdemeanor receipt of stolen property would have any relevance to any contested point of fact in this case.

Instead, the Government asserts without factual support that "[b]ecause the identity of the co-defendants and their knowing participation in the armed kidnapping and carjacking will be disputed issues of fact, the United States seeks to present evidence that, on prior occasions, Henderson and K. Jackson participated in robberies of other victims." (ECF No. 166 at 7.) The Government's proffered theory of admissibility is baseless. Mr. Jackson's 2018 juvenile adjudication in a 2016 case

5

number does not, in any way, go to proving the identity of him as a participant in the charged offenses, which are alleged to have occurred in June 2023. The Government offers absolutely no facts to support its argument and therefore has failed to meet its burden. *See, e.g.*, *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017) ("The government bears the burden of establishing that evidence of a defendant's prior bad acts is admissible for a proper purpose."); *United States v. Jones*, 930 F.3d 366, 373 (5th Cir. 2019) ("The burden is on the government to demonstrate that a prior conviction is relevant and admissible under 404(b).") (internal quotation and citation omitted).

Later in its motion the Government goes on to provide other unsupported theories of relevance, arguing that the proposed evidence is "relevant and probative to an issue other than character—to wit, the charged acts were done knowingly and intentionally, and were not the result of inadvertence, mistake, or accident. The evidence also provides proof of motive, intent, preparation, and plan to illegally possess and use loaded firearms, and to associate and participate in conduct with other associates who are doing so." (ECF No. 166 at 14.)

Again, rather than provide a specific, fact-based theory of relevance, the Government points to generic factors that *might*, in some hypothetical case, make other crimes evidence relevant, but it makes no effort to apply those factors to the proffered evidence in *this* case. Nor would any such effort have any merit. At trial,

there will be no contest as to whether the perpetrators of these crimes acted knowingly and intentionally, as opposed to inadvertently, mistakenly, or accidentally. Likewise, particularly because the Government has not established that Mr. Jackson's prior juvenile adjudication involved a weapon much less a firearm, there is no scenario in which the proposed evidence "provides proof of motive, intent, preparation, and plan to illegally possess and use loaded firearms, and to associate and participate in conduct with other associates who are doing so." (*Id.*) It is insufficient to recite the bare fact of an adjudication and then parrot a generic litany of hypothetical 404(b) purposes.

As a result, the Government has altogether failed to establish the relevance of the juvenile adjudication as a threshold matter. For this reason alone, the Court should deny the Government's request.

Even if the 2018 adjudication in the 2016 juvenile matter was relevant to some legitimate jury determination, the evidence is "subject to analysis under Rule 403 for relative probative value and for prejudicial risk of misuse as propensity evidence." *Old Chief v. United States*, 519 U.S. 172, 182 (1997).

While Mr. Jackson maintains that his 2018 juvenile adjudication is not relevant, this Court should also determine that what little probative value it might have is substantially outweighed by the risk of misuse as propensity evidence, especially in light of its age. It appears from the Government's one-sentence factual

proffer, that the conduct giving rise to the adjudication would have occurred, at the latest, in 2016, *seven years* before the conduct alleged in the Indictment.

In *United States v. Sheffield*, 832 F.3d 296 (D.C. Cir. 2016), the D.C. Circuit held that the district court erred in admitting a stale, decade-old conviction against a defendant. In *Sheffield*, the Circuit reasoned:

> the staleness of this conviction reduces its probative value such that it is "substantially outweighed" by the danger of unfair prejudice already inherent in the admission of prior-bad-act evidence. *See United States v. Bigesby*, 685 F.3d 1060, 1065 (D.C. Cir. 2012) (explaining that the "gap between [a] conviction and the [offense conduct] limited the conviction's probative value"); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) (noting the risk of unfair prejudice inherent in "the admission of prior possession- with-intent-to-distribute evidence").

*Id.* at 308 (finding error in the admission of the stale conviction but affirming conviction under harmless error review).

The conduct at issue with respect to the juvenile adjudication, while not as old as the conviction in *Sheffield*, is nevertheless stale. Even if the prior adjudication is of the nature of evidence generally admissible under Rule 404(b), the evidence falls well short of admissibility under Rule 403 because any probative value of the adjudication is substantially diminished by its age.[2]

---

[2] In its motion, the Government relies on *United States v. Ford*, No. 15-0025 (PLF), 2016 U.S. Dist. LEXIS 6979, at *17 (D.D.C. Jan. 21, 2016), a case in which Judge Friedman ruled admissible a defendant's 2012 juvenile adjudication for firearms possession under Rule 404(b) but denied the Government's request to admit evidence of the same defendant's 2012 uncharged act of firearms possession. That case is inapposite. First, in its motion with respect to the relevant defendant (Fenwick), the Government alleged the date on which the conduct giving rise to the

Additionally, the proffered evidence is unduly prejudicial. As the D.C. Circuit has explained:

> The danger of undue prejudice is far from theoretical. "That juries treat prior convictions as highly probative has been confirmed by empirical investigations. *See* H. Kalven & H. Zeisel, The American Jury 160 (1966). Such reliance by the trier of fact offends the long standing tradition that protects a criminal defendant from guilt by reputation and from unnecessary prejudice." *Daniels,* 770 F.2d at 1116 (internal quotation marks omitted). Embodying the principles enunciated by the Supreme Court in *Michelson,* Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b).

*United States v. Linares*, 367 F.3d 941, 945-46 (D.C. Cir. 2004). Not only would the Government's proffered evidence suggest, without any relevance to this case, that Mr. Jackson has a criminal disposition, but that he has had such a disposition *since he was a child*.

Since the Government has failed to set forth any legitimate basis for the admissibility of Mr. Jackson's 2018 juvenile adjudication, the admission of this evidence would violate the Federal Rules of Evidence and would place before the

---

adjudication occurred and provided at least some factual detail about the circumstances of the prior conduct. 15-cr-025-PLF, ECF No. 86 at 4. The Government made no such effort in Mr. Jackson's case. In addition, the Government presented argument that the prior conduct occurred *in the same place* as the charged conduct. *Id.* at 13. Also, defendant Fenwick was charged with a drug conspiracy lasting from October 2013 to May 2014 and with substantive firearms offenses that were alleged to have occurred in May 2014. 15-cr-025-PLF, ECF No. 40. The conduct giving rise to the juvenile adjudication occurred in January 2012. The proffered 404(b) evidence in that case did not suffer from the same staleness defect as the Government's proffered evidence here.

jury propensity evidence with no purpose other than to show that the defendant acted in conformity with his prior (childhood) conduct – a forbidden evidentiary purpose.

## Conclusion

For the reasons set forth herein, the Mr. Jackson respectfully asks this Court to deny the Government's motion to introduce evidence pursuant to Federal Rule of Evidence 404(b), and exclude evidence of the juvenile adjudication.

Respectfully submitted,

s/_____
Nicholas G. Madiou
Michael E. Lawlor
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301.474.0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2025, a copy of the foregoing was sent to the United States Attorney's Office, via ECF.

s/_____
Nicholas G. Madiou